IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
SHAHID MAHMOOD                *
                              *
v.                            *
                              * Civil Action WMN-12-0228
UNITED STATES                 *
                              *
                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM**

Before the Court is a motion to dismiss, or alternatively, a motion for summary judgment, ECF No. 5-1, filed by Defendant, the United States Department of Agriculture ("USDA"). The motion has been fully briefed and is ripe for review. For the reasons stated below, the motion will be granted.

Plaintiff Shahid Mahmood owns and operates Right Way Food Market, a retail store that sells food and non-food products. ECF No. 5-1 (citing the Administrative Record, hereinafter "AR," at 1). Right Way Food Market opened for business in February 2011, and beginning in March 2011, was authorized by the USDA's Food and Nutrition Service ("FNS") to participate in the Supplemental Nutrition Assistance Program ("SNAP"). Id.; see also 7 U.S.C. §§ 2011-2036. The SNAP program provides money to eligible, low-income families to purchase food products through the use of electronic benefit transfer ("EBT") cards. See 7 U.S.C. § 2016(j) (2010).

In July of 2011, a SNAP program investigator made two visits to Right Way Food Market.[1] During the first visit, which occurred on July 12, 2011, the investigator purchased eligible and ineligible items using an EBT card and exchanged $40.00 in SNAP benefits for $20.00 in cash.[2]  ECF No. 5-1 at 7; AR at 38-41.  On July 13, 2011, the investigator returned for his second visit and again exchanged $40.00 in benefits for $20.00 in cash.  Id.

Plaintiff was charged with the trafficking of SNAP benefits as a result of Defendant USDA's investigation.  ECF No. 5-1 at 7 (citing A.R. at 33-34).  Defendant informed Plaintiff that he was being considered for a permanent disqualification[3] from the program.  Id.  Plaintiff was given the option to respond to the allegations and present a request to be considered for a civil monetary penalty of $59,000 in lieu of permanent disqualification.  ECF No. 5-1 at 7 (citing A.R. at 34).

---

[1] The FNS electronically monitors the retailer's EBT transactions and has the authority to investigate suspicious activity.  See 7 C.F.R. § 278.6 (2009).

[2] Retail food stores that participate in the SNAP program may not accept EBT benefits for ineligible items such as non-food items, alcohol, or tobacco products and may not exchange EBT benefits for cash ("trafficking").  See 7 C.F.R. § 278.2 (2009).

[3] The FNS has the authority to disqualify any authorized store from the SNAP program if the store fails to comply with SNAP regulations.  7 U.S.C. § 2021(a) (2008); 7 C.F.R. § 278.6.

In response, Plaintiff denied the allegations and fired the employee involved in the trafficking transactions. Plaintiff, however, did not provide an explanation for the transactions for which he was charged. ECF No. 5-1 at 8 (citing AR at 45). Defendant subsequently determined that the violations occurred and permanently disqualified Plaintiff from the SNAP program. ECF No. 5-1 at 8 (citing AR at 48-49). Plaintiff sought administrative review from the Administrative Review Branch. The Administrative Review Branch, in its final agency decision, informed the Plaintiff that it had determined that the violations had occurred and affirmed the decision to disqualify Plaintiff from the SNAP program. ECF No. 5-1 at 13 (citing AR at 64-68). Plaintiff was also informed of his right to appeal the final agency decision to a Federal or State court. See id.

Plaintiff filed an action in this Court on January 23, 2012. He seeks judicial review of the decision of the Administrative Review Board. In response, Defendant filed the pending motion.[4]

---

[4] Defendant filed a motion to dismiss the complaint, but argues that the record is sufficient, when looking at the Administrative Appeal Record, to grant a motion for summary judgment. A motion to dismiss can be properly converted into a motion for summary judgment. Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979). A court will convert a motion to dismiss to a motion for summary judgment when it is presented with, and does not exclude, matters outside the pleadings, in reaching its decision. Id.

The Plaintiff does not deny the allegations of trafficking or challenge the factual accuracy of the data relied upon by Defendant in making its decision.  ECF No. 10 at 2, 4.  Plaintiff simply petitions the Court to review the final agency decision.  ECF No. 10 at 2.  He argues that the punishment of a permanent disqualification from the SNAP program is arbitrary and capricious because Plaintiff is young and inexperienced.  ECF No. 10 at 13.  Plaintiff also argues that, because he fired the employee who was involved in the trafficking transactions, there are sufficient mitigating factors to allow the Court to lessen the "harshness" of the punishment.  Id.

Under the regulations of the SNAP program, the validity of an administrative action is determined in a "trial de novo."  7 U.S.C. § 2023(a)(15); Ahmed v. United States, 47 F. Supp. 2d 389, 393 (W.D.N.Y. 1999).  This de novo review requires that "the district court 'must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously appraised in the administrative proceedings.'"  Ibrahim v. United States, 834 F.2d 52, 53-54 (2d Cir. 1987) (quoting Modica v. United States, 518 F.2d 374, 376 (5th Cir. 1975)).

The de novo provision "does not, however, entitle plaintiffs to reach a trial on the merits of their cause of action."  Bon Supermarket & Deli v. United States, 87 F. Supp.

4

2d 593, 598 (E.D. Va. 2000) (citing Redmond v. United States, 507 F.2d 1007, 1011 (5th Cir. 1975)).  Congress simply "intended . . . [that] the district court would not be bound by the administrative record."  Id.  Therefore, "summary judgment is a proper means of disposing of a request for review under 7 U.S.C. § 2023(a)(13), where there are presented no genuine issues of material fact."  Id. at 599 (citing Modica, 518 F.2d at 376).

The Fourth Circuit has held that "the scope of judicial review extends to the period of administrative sanction."  Cross v. United States, 512 F.2d 1212, 1215 (4th Cir. 1975).  Therefore, the district court has the power to modify the length of time a merchant is disqualified from participating in the program.  Id.  Courts have been given this power because, without procedural due process, a sanction imposed due to a violation of the SNAP program can be considered a deprivation of property.  Id. at 1217.  "[A] measure of revisory power over the sanction" is required under Due Process.  Id. at 1216.

In the instance when "it may be fairly said on the de novo record as a whole that the Secretary [of Agriculture] . . . has abused his discretion by acting arbitrarily or capriciously . . . the district court [is] warranted [to exercise] its authority to modify the penalty."  Id. at 1218.  Factual determinations of whether or not the allegations took place are reviewed "de novo", while penalty determinations are reviewed under the

5

"arbitrary or capricious standard." Ahmed, 47 F. Supp. 2d at 393 (citing Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir. 1981)).  The arbitrary or capricious standard asks "whether the determination is 'unwarranted in law or without justification in fact.'" Ahmed, 47 F. Supp. 2d at 393 (quoting Willy's Grocery, 656 F.2d at 26); Cross, 512 F.2d at 1218.

Plaintiff argues that there is "sufficient genuine dispute as to the nature of the extent of the punishment," which he contends, is arbitrary and capricious.  ECF No. 10 at 13.  He argues that factors such as his "youthfulness," his inexperience in running a business in the United States, and that he fired the employee involved in the trafficking transactions are enough to mitigate the punishment to one lesser than permanent disqualification from participation in the SNAP program.  Id.

Pursuant to the SNAP penalty statute, the period of disqualification shall be "permanent upon . . . the first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store."  7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i).  Therefore, "a store that is caught trafficking in food stamps even one time must be permanently disqualified from the [SNAP program] . . ." Idias v. United States, 359 F.3d 695, 697 (4th Cir. 2004); see also Traficanti v. United States, 227 F.3d 170, 174 (4th Cir. 2000).

"Congress' foremost concern [in imposing this sanction] was to deter widespread fraud in food stamp transactions." Traficanti, 227 F.3d at 177.

In applying the "arbitrary and capricious" standard to the facts in this case, the Court agrees that the permanent disqualification of Plaintiff from participation in the SNAP program is not arbitrary or capricious and is, in fact, mandated by the statute.[5]  See, e.g., Traficanti, 227 F.3d at 173-76 (holding that the plaintiff was subject to permanent disqualification from the SNAP program even after a disgruntled employee admitted to trafficking EBT benefits to purposely hurt the innocent owner's business).  Plaintiff concedes the findings of the Defendant that the alleged trafficking occurred by claiming that it would be "almost an impossibility" to prove that the allegations of trafficking did not occur.  ECF No. 10 at 13.  Congress is clear, in the plain language of the statute, that when trafficking occurs at a store, even one time, it must be disqualified from participation in the SNAP program.  See 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i).

---

[5] Additionally, Plaintiff was given the option to provide evidence that he had an anti-trafficking policy in place prior to the occurrence of the violations.  Evidence of this program would have allowed Plaintiff to pay a penalty in lieu of permanent disqualification.  Plaintiff failed to produce evidence of this program, and in fact, contended that the monetary penalty imposed would have also been excessive.

For the reasons stated above, the Court finds the decision of the Administrative Review Board to permanently disqualify Plaintiff from participation in the SNAP program neither arbitrary nor capricious, and enters judgment in favor of Defendant.  A separate order will be issued.

                                                  _____/s/_____
                                                  William M. Nickerson
                                                  Senior United States District Judge

DATED: July 24, 2012